20990

Herbert L. AMICK, Appellant, v.
RICHLAND COUNTY, Respondent.
(255 S. E. (2d) 855)

*Kirby D. Shealy, Jr.,* of *Wise, Wise & Shealy,* Columbia, *for appellant.*

*D. Reece Williams, III,* Columbia, *for respondent.*

June 20, 1979.

Ness, Justice:

Appellant Herbert Amick commenced this action for specific performance of an alleged option agreement against the respondent, Richland County. The master concluded the asserted option was void as a restraint against alienation, and held that even if it were a valid option, the event required to activate it had not occurred. The trial court agreed the event on which the option was conditioned had not occurred. We affirm.

In 1957, Amick conveyed approximately twenty acres of land to Richland County. The deed conatined the following language:

"IT BEING UNDERSTOOD AND AGREED that the Grantor, Herbert L. Amick, hereby reserves the right and

option to repurchase said premises at and for the consideration herein paid, together with the depreciated costs of any improvements thereon during his lifetime or the lifetime of his wife, Ollie L. Amick, in the event the Grantee, Richland County, decides to sell said premises; and this option shall not be construed for the benefit of any heirs or assigns of the said Grantor, Herbert L. Amick, or his wife, Ollie L. Amick."

On September 17, 1975, Richland County Council passed a motion to place the property for sale at public auction, with the County reserving the right to reject all bids. On October 1, 1975, Council was apprised of the option held by Amick, and withdrew the sale of the property.

When Amick learned the Council had discussed the sale of the property, he notified respondent that he was exercising his right and option to repurchase. Upon refusal this suit was instituted.

The sole exception raised by appellant is that the trial court erred in its interpretation of the phrase "decides to sell" contained in the 1957 deed. Appellant maintains that once Council voted to place the property for public auction, it decided to sell it and therefore activated his option to repurchase. We disagree.

We conclude respondent never made a final irrevocable decision to sell the property for several reasons.

First, Council retained the right to reject all bids. Secondly, respondent was not aware of all the facts when the sale of the property was first discussed, and abandoned the idea when the option was revealed. Moreover, Code § 4-9-130(6) (1976) requires a public hearing be held prior to final Council action on selling any real property owned by the county. Thus, Council was constrained by statute from making a final decision to sell the property until the holding of a public hearing. There is no indication in the record that a hearing was ever held on the matter. This fact sup-

ports our conclusion that respondent, ostensibly aware of the statutory requirement, only tentatively authorized the sale of the property. This action was insufficient to trigger the Amick option.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.